UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN ALANIZ,<br><br>    Plaintiff,<br><br>v.<br><br>OFFICER KEVIN ENTERLINE #3821, et al.,<br><br>    Defendants. | Case No. 18-cv-05788-HSG (PR)<br><br>**ORDER OF SERVICE** |

**INTRODUCTION**

Plaintiff, a prisoner of the State of California currently incarcerated at Pleasant Valley State Prison, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against two police officers at the San Jose Police Department and Santa Clara County deputy district attorney Brandon Cabrera. Plaintiff is granted leave to proceed *in forma pauperis* in a separate order. The complaint is now before the Court for review pursuant to 28 U.S.C. § 1915A.

**DISCUSSION**

**A.    Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity, or from an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b) (1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

According to the complaint, on August 7, 2012, defendant San Jose police officers Kevin Enterline (#3821) and David Kirby (#3817) conducted a traffic stop of a vehicle in which plaintiff was a passenger. The officers asked plaintiff to exit the vehicle, and he complied. Officer Enterline proceeded to pat search plaintiff. After Officer Enterline felt what he believed to be a gun in plaintiff's pocket, Officer Enterline yelled "gun" to Officer Kirby. At that point, plaintiff pulled away from Officer Enterline and began to run. Although the allegations are not entirely clear as to what happened after plaintiff ran, the Court notes that plaintiff seeks damages for medical bills and "pain and suffering" caused by a police dog, that he identifies as "Officer Dog Rocko." ECF No. 1 at 3-4.[1] Attachments to the complaint further show that plaintiff was taken to a hospital after his arrest. *See id.* at 8. The Court understands plaintiff to be alleging that he was stopped by a police dog and suffered injuries as a result.

Plaintiff alleges that there was no probable cause for the vehicle stop or pat search, that the

---

[1] Citations are to the Electronic Case File ("ECF"); pin cites are to the ECF-generated page numbers at the tops of the documents.

2

1 officers acted without a warrant, and that plaintiff was not on any parole or probation that would
2 require him to cooperate with a search. Plaintiff also represents that the Santa Clara County
3 Superior Court granted his motion to suppress all evidence discovered as a result of the search and
4 seizure.

Traffic stops, investigative stops, and arrests are covered by the Fourth Amendment's protection "against unreasonable searches and seizures." U.S. Const. amend IV. "An officer may conduct a traffic stop if the officer has 'probable cause to believe that a traffic violation has occurred.'" *United States v. Fowlkes*, 804 F.3d 954, 971 (9th Cir. 2015) (quoting *Whren v. United States*, 517 U.S. 806, 810 (1996)). "To justify an investigative stop, a police officer must have reasonable suspicion that a suspect is involved in criminal activity." *United States v. Colin*, 314 F.3d 439, 442 (9th Cir. 2002). An arrest must be supported by probable cause. An arrest is supported by probable cause if, under the totality of the circumstances known to the arresting officer, a prudent person would have concluded that there was a fair probability that the defendant had committed a crime. *Luchtel v. Hagemann*, 623 F.3d 975, 979 (9th Cir. 2010).

A claim that a law enforcement officer used excessive force in the course of an arrest or other seizure is analyzed under the Fourth Amendment reasonableness standard. *See Graham v. Connor*, 490 U.S. 386, 394-95 (1989); *Forrester v. City of San Diego*, 25 F.3d 804, 806 (9th Cir. 1994). "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of '"the nature and quality of the intrusion on the individual's Fourth Amendment interests'" against the countervailing governmental interests at stake." *Graham*, 490 U.S. at 396 (citations omitted).

Giving it the liberal construction to which it is entitled, the *pro se* complaint states cognizable § 1983 claims against officers Enterline and Kirby for Fourth Amendment violations based on an unlawful search and seizure and the use of excessive force in the course of the search and seizure.

The complaint fails to state a claim against defendant deputy district attorney Brandon Cabrera. Plaintiff fails to link this defendant to his claims. In any event, a state prosecuting attorney enjoys absolute immunity from liability under 42 U.S.C. § 1983 for his conduct in

3

pursuing a criminal prosecution insofar as he acts within his role as an "advocate for the State" and his actions are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 & n.33 (1976). Accordingly, defendant Cabrera is DISMISSED for failure to state a claim.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Liberally construed, the complaint states a cognizable § 1983 claim against defendants Enterline and Kirby for violating plaintiff's Fourth Amendment rights. The Clerk shall terminate Brandon Cabrera as a defendant on the docket in this action.

2. The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint (dkt. no. 1), with all attachments thereto, and a copy of this order upon defendants **Officer Kevin Enterline (#3821)** and **Officer David Kirby (#3817)** at the **San Jose Police Department**.

A courtesy copy of this order shall also be mailed to the San Jose Office of the City Attorney.

3. In order to expedite the resolution of this case, the Court orders as follows:

    a. No later than **91 days** from the date this order is filed, defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, defendants must so inform the Court prior to the date the motion is due. A motion for summary judgment also must be accompanied by a *Rand* notice so that plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).[2]

---

[2] If defendants assert that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants must raise such argument in a motion for summary judgment, pursuant to the Ninth Circuit's opinion in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, should be raised by a defendant as an unenumerated Rule 12(b) motion).

4

b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon defendants no later than **28 days** from the date the motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

c. Defendants **shall** file a reply brief no later than **14 days** after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

4. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland,* 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

(The *Rand* notice above does not excuse defendants' obligation to serve said notice again concurrently with a motion for summary judgment. *Woods*, 684 F.3d at 939).

5. All communications by plaintiff with the Court must be served on defendants' counsel by mailing a true copy of the document to defendants' counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendants' counsel has been designated, plaintiff may mail a true copy of the document directly to defendants, but once a defendant is represented by counsel, all documents must be mailed to

counsel rather than directly to that defendant.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

7. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

8. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

9. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED.**

Dated: 1/25/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge