UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN ALANIZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KEVIN ENTERLINE #3821, et al.,<br><br>　　　　　Defendants. | Case No. 18-cv-05788-HSG<br><br>**ORDER GRANTING MOTION TO DISMISS AS UNTIMELY**<br><br>Re: Dkt. No. 18 |

## INTRODUCTION

Plaintiff, a California prisoner currently incarcerated at Avenal State Prison, filed this *pro se* civil rights action under 42 U.S.C. § 1983. Now pending before the Court is defendants' motion to dismiss this action as time-barred. Dkt. No. 18. Plaintiff has filed an opposition, Dkt. No. 25, and defendants have filed a reply, Dkt. No. 26. For the reasons set forth below, defendants' motion to dismiss is GRANTED.

## BACKGROUND

### I.　Complaint

According to the complaint, on August 7, 2012, defendants San Jose Police Department ("SJPD") officers Enterline and Kirby illegally stopped and searched plaintiff and the car he was in, and used excessive force in arresting plaintiff. Plaintiff filed a successful motion to suppress the evidence, observation, and fruits of this search. Dkt. No. 1 at 3-4.

The Court found that, liberally construed, the complaint stated cognizable Fourth Amendment claims against Defendants Enterline and Kirby for unlawful search and seizure and for the use of excessive force. Dkt. No. 1; Dkt. No. 7. In this action, plaintiff seeks $7 million in damages to compensate for his medical bills and the pain and suffering rendered by "Officer Dog

Rocko," and to redress wrongs. Dkt. No. 1.

## II. Additional Background

On September 14, 2012, a Santa Clara County Superior Court jury found plaintiff guilty of the misdemeanor of resisting, delaying, or obstructing a police officer (Cal. Penal Code § 148(a)(1)). Dkt. No. 18-1 ("RJN"), Exs. A and B.[1] On September 19, 2012, plaintiff appealed his conviction and sentence, arguing that the trial court erred in denying his motion to suppress and his motion to acquit. RJN, Ex. C.

On October 16, 2013, while the appeal was pending, plaintiff filed a government tort claim against the City of San Jose, alleging that SJPD police officers used excessive force when they arrested him on August 7, 2012. RJN, Ex. D. In his claim, plaintiff stated that he had exercised reasonable diligence in attempting to gather the necessary materials (trial transcripts, hospital and

---

[1] Defendants have filed an unopposed request for judicial notice ("RJN"), requesting that the Court take judicial notice of the following documents which are attached as exhibits to the RJN: (A) document from Santa Clara County Superior Court in Case No. 1238740, *People v. Adrian Alaniz* ("*Alaniz I*"), indicating that plaintiff was found guilty of having violated Cal. Penal Code § 148(a)(1) on August 7, 2012; (B) transcript of the September 14, 2012 proceedings before Judge Kenneth Shapero in *Alaniz I*; (C) the notice of appeal and request for court-appointed lawyer filed on September 19, 2012 in Santa Clara County Superior Court in *Alaniz I*; (D) the government tort claim filed by plaintiff with the City of San Jose on October 21, 2013; (E) an excerpt from the County of Santa Clara, Rules and Regulations, Inmate Mail, printed from https://www.scccgov.org/sites/doc/services/Pages/rules.aspx; (F) the February 7, 2014 order issued by the appellate division of the Santa Clara County Superior Court in *Alaniz I*; (G) the transcript of the October 3, 2014 proceedings before Judge Edward Lee in *Alaniz I*; (H) transcript of the September 14, 2012 proceedings before Judge Kenneth Shapero in *Alaniz I*; and (I) transcript of the October 18, 2014 proceedings before Judge Kenneth Shapero in *Alaniz I*. Dkt. No. 18-1.
    The Court GRANTS the request for judicial notice in its entirety. The Court takes judicial notice of exhibits A, B, C, F, G, H and I to the RJN because they are documents or pleadings filed in a court and have a direct relation to the matters at issue, and because the facts set forth in these pleadings or documents can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. *See U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (federal courts may "take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue") (internal quotation marks and citation omitted); Fed. R. Evid. 201(b). The Court takes judicial notice of exhibit D to the RJN because a government claim is properly the subject of judicial notice. *See Roy v. Contra Costa Cty.*, No. 15-CV-02672-TEH, 2015 WL 5698743, at *2 n.6 (N.D. Cal. Sept. 29, 2015). The Court takes judicial notice of exhibit E for the purpose of confirming that the mailing address for inmates at the Santa Clara County Department of Correction Mail Jail Complex is 885 N. San Pedro Street, San Jose, CA 95110, because that is a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b).

ambulance records) through appointed counsel but had been unsuccessful. He stated that appointed counsel's failure to provide the necessary records prevented him from timely filing the tort claim and that he should be entitled to delayed accrual of the claim because he was unable to ascertain his claim prior to receiving the record. Finally, plaintiff also stated that he had not yet been able to ascertain the identity of the officers who had arrested him. *Id.*

On February 7, 2014, the Santa Clara County Superior Court, Appellate Division, vacated the conviction and remanded the case to determine the motion to suppress. RJN, Ex. F. The appellate division explained that if the trial court granted the motion to suppress, the conviction should be permanently vacated but if the trial court denied the motion to suppress, the case should be reset for trial. *Id.*

On September 30, 2014, Judge Kenneth Shapero granted the motion to suppress pursuant to Cal. Penal Code § 1538.5. RJN, Ex. G. On October 3, 2014, Judge Shapero set aside the guilty verdict. RJN, Ex. H. On October 8, 2014, Judge Shapero dismissed the case pursuant to Cal. Penal Code § 1385. RJN, Ex. I.

On September 12, 2018,[2] plaintiff filed the instant action. Dkt. No. 1.

Plaintiff is currently incarcerated in state prison and serving an indeterminate life sentence on charges unrelated to the allegations in this complaint. Plaintiff states that he has been continuously incarcerated. Dkt. No. 25 at 3.

**DISCUSSION**

**I. Standard of Review**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim. A claim may be dismissed only if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-

---

[2] In determining when a Section 1983 suit filed by a *pro se* prisoner is filed, the "mailbox" rule applies. *Douglas v. Noelle*, 567 F.3d 1103, 1107 (9th Cir. 2009). A Section 1983 complaint is considered to be filed on the date a prisoner delivered it to prison authorities for forwarding to the court clerk. *Houston v. Lack*, 487 U.S. 266, 276 (1988). According to the proof of service, plaintiff handed his complaint to prison officials for mailing on September 12, 2018. Dkt. No. 1 at 28.

3

46 (1957)). When assessing the legal sufficiency of a plaintiff's claims, the court must accept as true all material allegations of the complaint and all reasonable inferences that may be drawn therefrom. *Id.* Dismissal is proper under Rule 12(b)(6) "only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Id.* The court must also liberally construe a *pro se* litigant's complaint. *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (quoting *Silva v. Di Vittorio*, 658 F.3d 1090, 1101 (9th Cir. 2011)).

Conclusory allegations of law are insufficient to defeat a Rule 12(b)(6) motion. *Lee v. County of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). In deciding a Rule 12(b)(6) motion, the court may take judicial notice of documents whose authenticity are not questioned and of matters of public record. *Id.* at 688-89 (discussing Fed. R. Evid. 201). The court need not accept as true allegations that contradict matters properly subject to judicial notice. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.), *opinion amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001).

Although a Rule 12(b)(6) motion usually is not available to raise an affirmative defense, it may be used when the complaint contains allegations showing a complete defense or bar to recovery, such as a statute of limitations problem. *See Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). Dismissal on statute of limitations grounds can be granted pursuant to Rule 12(b)(6) "only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Id.*

## II. Motion to Dismiss

Defendants have moved to dismiss this action as time-barred. Defendants argue that both plaintiff's excessive force claim and his unlawful search and seizure claim accrued on August 7, 2012, when the alleged incidents occurred, and that the two-year statute of limitations expired on August 7, 2014, rendering this action time-barred. Dkt. No. 18. Plaintiff argues that he is entitled to statutory tolling pursuant to *Martinez v. Gomez*, 137 F.3d 1124 (9th Cir. 1998), which applies the version of Cal. Civ. Proc. Code § 352.1(a) that was in effect at that time.[3] Plaintiff argues that

---

[3] Cal. Civ. Proc. Code § 352.1(a) provides that if a plaintiff is imprisoned on a criminal charge for a term less than life at the time the cause of action accrued, the statute of limitations is tolled for

4

he is entitled to equitable tolling because (1) he was unaware that he could seek relief via a Section 1983 action until October 16, 2013; (2) he mistakenly believed that he could not seek relief until he was released from prison; (3) he was unable to file this suit until his motion to suppress was granted on September 30, 2014, and (4) he has shown diligence in pursuing these claims. Dkt. No. 25. Defendants respond that plaintiff has conceded that he knew of the claims on August 7, 2012, and that plaintiff has not demonstrated any basis for tolling the statute of limitations. Dkt. No. 26.

### A. Statute of Limitations

Section 1983 does not contain its own limitations period.[4] "Without a federal limitations period, the federal courts borrow the statute of limitations for § 1983 claims applicable to personal injury claims in the forum state." *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999) (citing *Wilson v. Garcia*, 471 U.S. 261, 276–79 (1985), *superseded by statute on other grounds as stated in Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 377–78 (2004)); *see also Wallace v. Kato*, 549 U.S. 384, 387 (2007). Section 1983 actions are characterized as personal injury actions for statute of limitations purposes. *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995). In California, the general residual statute of limitations for personal injury actions is the two-year period set forth at Cal. Civ. Proc. Code § 335.1. *See* Cal. Civ. Proc. Code § 335.1 (current codification of residual limitations period, which is now two years; enacted in 2002). The applicable statute of limitations for Section 1983 actions brought in California is therefore two years. *See Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004) (applying California's prior one-year statute of limitations to Section 1983 action).

---

the time the plaintiff is imprisoned, not to exceed two years. *See* Cal. Civ. Proc. Code § 352.1(a). In *Martinez*, the Ninth Circuit held that an inmate sentenced to life with the possibility of parole was entitled to the tolling afforded by Cal. Civ. Proc. Code § 352(a)(3), the predecessor to the current Cal. Civ. Proc. Code § 352.1(a). Cal. Civ. Proc. Code § 352(a)(3) tolled the statute of limitations for persons "in execution under the sentence of a criminal court for a term less than for life." *Martinez v. Gomez*, 137 F.3d 1124, 1126 (9th Cir. 1998), *as amended* (May 1, 1998).

[4] Plaintiff incorrectly reads *Owens v. Okure*, 488 U.S. 235 (1989), as holding that there is no statute of limitations for Section 1983 claims. Dkt. No. 25 at 2. *Owens* explains that while Section 1983 does not contain its own limitations period, in 42 U.S.C. § 1988 Congress endorsed the borrowing of state-law limitations provisions where doing so would be consistent with federal law. *Owens*, 488 U.S. at 239 (citing to 42 U.S.C. § 1988).

5

### 1. **Claim Accrual**

While state law provides the statute of limitations, it is federal law that determines when a cause of action accrues and the statute of limitations begins to run. *Wallace*, 549 U.S. at 388; *Belanus v. Clark*, 796 F.3d 1021, 1025 (9th Cir. 2015). Under federal law, a claim generally accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *See TwoRivers*, 174 F.3d at 991–92 (citing *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996)). But accrual ultimately depends on the substantive basis of the claim. *See, e.g.*, *Bradford v. Scherschligt*, 803 F.3d 382, 387–89 (9th Cir. 2015) (claim for deliberate fabrication of evidence accrues when charges are fully and finally resolved and can no longer be brought against defendant; here, acquittal at retrial).

A claim that law enforcement officers used excessive force during an arrest usually accrues on the date of the arrest. *See, e.g., Cabrera v. City of Huntington Park*, 159 F.3d 374, 381 (9th Cir. 1998) (plaintiff's excessive force claim accrued on date of arrest because claim, if successful, would not necessarily imply the invalidity of his conviction). However, because an essential element of a conviction pursuant to Cal. Penal Code § 148(a)(1) is that the officer was acting lawfully, *Heck v. Humphrey*, 512 U.S. 477 (1994)[5] bars a plaintiff from raising an excessive force claim until the underlying Cal. Penal Code § 148(a)(1) charges have been dismissed or the Cal. Penal Code § 148(a)(1) conviction has been overturned. *Rodriguez v. City of Modesto*, 535 F. App'x 643, 644–45 (9th Cir. 2013) (district court correctly dismissed excessive force claims as barred by *Heck* because success on such a claim would necessarily imply that plaintiff did not violate Cal. Penal Code § 148(a)(1)). As the Ninth Circuit explained in *Rodriguez*:

> Under California law, an essential element of a valid § 148(a)(1) conviction is that the police officer was acting lawfully in the discharge or attempted discharge of her duties at the time the defendant resisted, delayed, or obstructed the officer. *See Garcia v. Superior*

---

[5] In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486-487. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Id.* at 487.

6

> *Court*, 177 Cal.App.4th 803, 99 Cal.Rptr.3d 488, 500 (2009). A police officer is not lawfully performing her duties if she arrests an individual without probable cause, *see id.*, or uses unreasonable or excessive force on the individual at the time the defendant's unlawful resistance, delay or obstruction is occurring, *see People v. Olguin*, 119 Cal.App.3d 39, 173 Cal.Rptr. 663, 667 (1981).

*Rodriguez*, 535 F. App'x at 644–45.[6]

Similarly, a Fourth Amendment claim for unlawful search and seizure accrues at the time of the search or seizure. *Venegas v. Wagner*, 704 F.2d 1144, 1146 (9th Cir. 1983) ("[W]here false arrest or illegal search and seizure is alleged, the conduct and asserted injury are discrete and complete upon occurrence, and the cause of action can reasonably be deemed to have accrued when the wrongful act occurs."). But if the allegedly unlawful search and seizure resulted in criminal charges or conviction and the charges and/or conviction are based on the evidence seized in the allegedly unlawful search and seizure, Section 1983 unlawful search and seizure claims are barred by *Heck* until the criminal charges have been dismissed or the conviction has been overturned. *Harvey v. Waldron*, 210 F.3d 1008, 1015-16 (9th Cir. 2000), *overruled in part on other grounds by Wallace*, 549 U.S. at 393–94 (claim that gaming devices had been unlawfully searched for and seized under Fourth Amendment barred by *Heck* until charges for illegal possession of gaming devices were dismissed); *see also Whitaker v. Garcetti*, 486 F.3d 572, 581, 583-84 (9th Cir. 2007) (plaintiffs convicted of underlying criminal charges were barred from challenging search and seizure of evidence resulting from defendants' use of wiretaps, however individual plaintiff's claims were not barred where he was never charged with a crime or convicted).

### 2. Tolling

A federal court must also give effect to a state's tolling provisions when applicable. *See Hardin v. Straub*, 490 U.S. 536, 538, 544 (1989).

#### a. Statutory Tolling

California law provides for statutory tolling for, respectively, the time criminal charges are pending and a portion of the time of imprisonment. *See* Cal. Gov't Code § 945.3; Cal. Civ. Proc.

---

[6] As an unpublished Ninth Circuit decision, *Rodriguez* is not precedent, but may be considered for its persuasive value. *See* Fed. R. App. P. 32.1; CTA9 Rule 36-3.

7

Code § 352.1(a). The statute of limitations begins to run immediately after the recognized disability period ends. *See Cabrera*, 159 F.3d at 378–89 (applying California law).

Cal. Gov't Code § 945.3 provides for tolling for the time criminal charges are pending until the date of conviction and judgment. Cal. Gov't Code § 945.3 (emphasis added); *Trimble*, 49 F.3d at 585 ("Under section 945.3 charges are 'pending' only until the date of judgment and conviction."). Cal. Civ. Proc. Code § 352.1(a) provides tolls the limitations period for two years for the disability of imprisonment. Cal. Civ. Proc. Code § 352.1(a). Tolling under Cal. Civ. Proc. Code § 352.1(a) is triggered by the plaintiff's arrest and continues while he remains incarcerated. *See Elliott v. City of Union City*, 25 F.3d 800, 802-03 (9th Cir. 1994). Tolling ends when the prisoner is released from physical custody. *See Boag v. Chief of Police*, 669 F.2d 587, 589 (9th Cir. 1982) (construing Oregon tolling provision similar to California's and holding that tolling ceased upon prisoner's release on parole); *Williams v. Coughlan*, 244 F.2d 6, 8 (9th Cir. 1957) (statute of limitations not tolled after prisoner released).

### b. Equitable Tolling

California courts also toll the limitations period on equitable grounds.[7] "Equitable tolling under California law operates independently of the literal wording of the Code of Civil Procedure to suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness." *Jones v. Blanas*, 393 F.3d 918, 928 (9th Cir. 2004) (internal quotation marks omitted; quoting *Lantzy v. Centex Homes*, 31 Cal. 4th 363, 370 (Cal. 2003)) (holding that California's equitable tolling doctrine operates to toll a statute of limitations for a claim asserted by a continuously confined civil detainee who has pursued his claim in good faith). California's equitable tolling doctrine "focuses on whether there was excusable delay by the plaintiff: if a reasonable plaintiff would not have known of the existence of a possible claim within the limitations period, then equitable tolling will serve to extend the statute of limitations for filing

---

[7] In addition to equitable tolling, California courts also recognize and apply the doctrine of equitable estoppel. "Equitable estoppel . . . focuses primarily on actions taken by the *defendant* to prevent a plaintiff from filing suit, sometimes referred to as 'fraudulent concealment.'" *Lukovsky*, 535 F.3d at 1051 (emphasis in original) (citing *Johnson*, 314 F.3d at 414). Equitable estoppel is inapplicable here because there are no allegations that defendants prevented plaintiff from timely filing suit.

8

suit until the plaintiff can gather what information he needs." Under California's test for equitable tolling, a plaintiff must establish "'timely notice, and lack of prejudice, to the defendant, and reasonable and good faith conduct on the part of the plaintiff.'" *McDonald v. Antelope Valley Cmty. Coll. Dist.*, 45 Cal. 4th 88, 102 (Cal. 2008) (quoting *Addison v. California*, 21 Cal. 3d 313, 319 (Cal. 1978)). "[T]he effect of equitable tolling is that the limitations period *stops running* during the tolling event, and begins to run again only when the tolling event has concluded." *Lantzy*, 31 Cal. 4th at 370 (emphasis in original). Equitable tolling is sparingly applied, *Addison*, 21 Cal. 3d at 316, and is "designed to prevent unjust and technical forfeitures of the right to a trial on the merits when the purpose of the statute of limitations—timely notice to the defendant of the plaintiff's claims—has been satisfied," *McDonald*, 45 Cal. 4th at 99 (internal quotation marks and citation omitted). A state tort claim filed with a county arising out of the same facts as a subsequent Section 1983 suit in federal court may justify equitable tolling if the above three-prong test is met. *Lucchesi v. Bar-O Boys Ranch*, 353 F.3d 691, 696 (9th Cir. 2003); *but see Felder v. Casey*, 487 U.S. 131, 140-41 (1988) (state notice of claim statutes have no applicability to Section 1983 actions).

**B.     Analysis**

**1.     Unlawful Search and Seizure Claim**

Plaintiff's unlawful search and seizure claim accrued on August 7, 2012, at the time of the search or seizure. *See Venegas*, 704 F.2d at 1146. This claim is not entitled to delayed accrual under *Heck* because the conviction for resisting a police officer was not based on evidence seized pursuant to the allegedly unlawful search and seizure. *See Harvey*, 210 F.3d at 1015. Accordingly, the statute of limitations started to run on August 7, 2012 and expired on August 7, 2014, unless plaintiff is entitled to statutory or equitable tolling. *See* Cal. Civ. Proc. Code § 335.1 (two-year statute of limitations for California personal injury actions).

For the purposes of this motion, the Court will presume that plaintiff has been continuously incarcerated since August 7, 2012,[8] and is entitled to tolling pursuant to Cal. Civ. Proc. Code §

---

[8] Plaintiff alleges that he has never left custody, Dkt. No. 25, and defendants do not dispute this statement.

9

352.1(a),[9] which would toll the limitations period from August 7, 2012 to August 7, 2014. The Court will also presume that criminal charges were pending against plaintiff from the date of his arrest, August 7, 2012, until his conviction on September 14, 2012, and that he is entitled to tolling pursuant to Cal. Gov't Code § 945.3, which would toll the limitations period from August 7, 2012 to September 14, 2012. Accordingly, pursuant to Cal. Gov't Code § 945.3 and Cal. Civ. Proc. Code § 352.1(a), the limitations period would be tolled until August 7, 2014, started to run on August 7, 2014, and expired on August 7, 2016. Plaintiff's unlawful search and seizure claim, filed on September 12, 2018, is untimely unless entitled to equitable tolling.

The Court finds that plaintiff is not entitled to equitable tolling, either for the period during which his government tort claim was pending or based on the other arguments that he sets forth.

Plaintiff filed his government tort claim on October 16, 2013. It is unclear how or when this claim was resolved, but the instant action was filed nearly five years after the claim was filed. The delay of approximately five years in filing this claim prejudiced the defendants in gathering evidence because of the time that has lapsed since the relevant events. This timing does not reflect good faith or reasonable conduct in pursuing the claim, which is the second element of the three-part California test for equitable tolling. *See Lucchesi*, 353 F.3d at 694-95 (state tort claim justifies equitable tolling if it gives defendant timely notice of claim; defendant is not prejudiced in gathering evidence to defend against the second claim; and plaintiff acted reasonably and in good faith).

---

[9] Defendants argue that plaintiff is not entitled to statutory tolling under Cal. Civ. Proc. Code § 352.1(a), because he was in pretrial custody at the time the cause of action accrued, and Cal. Civ. Proc. Code § 352.1(a) applies only to plaintiffs "imprisoned on a criminal charge" at the time the cause of action accrued. Defendants cite *Austin v. Medicis*, 21 Cal.App.5th 577, 597 (Cal. Ct. App. 2018) in support of this argument. Because two-year tolling of the limitations period pursuant to Cal. Civ. Proc. Code § 352.1(a) would not render plaintiff's claims timely, the Court declines to determine whether *Austin* should apply retroactively to plaintiff's claims, and whether *Austin* requires reconsideration of the Ninth Circuit's prior holdings in *Elliott v. City of Union City*, 25 F.3d 800, 803 (9th Cir. 1994) and *Jones v. Blanas*, 393 F.3d 918, 928-29 (9th Cir. 2004), which held that continuous custody is the relevant disability and does not distinguish between pre-arraignment, pre-conviction and post-conviction incarceration. *See, e.g., Baros v. Ramirez*, Case No. 5:17-CV-00948 R (SHK), 2019 WL 3849171, at *6-*12 (C.D. Cal. June 5, 2019), *report and recommendation adopted*, Case No. 5:17-CV-00948 R (SHK), 2019 WL 3841797 (C.D. Cal. Aug. 12, 2019) (discussing in detail retroactive applicability of *Austin*, and how *Austin* affected the holdings in *Elliott* and *Jones*).

Plaintiff argues that he is entitled to equitable tolling because he was unaware that he could seek relief via a Section 1983 action until October 16, 2013; because he believed that he could not seek relief until he was released from prison; because he was unable to file this suit until his motion to suppress was granted on September 30, 2014; and because he has shown diligence in pursuing these claims.[10] However, the standard for equitable tolling is not plaintiff's awareness of his ability to file the claims or his diligence in pursuing these claims. Equitable tolling applies where a reasonable plaintiff would not have known of the existence of a possible claim within the limitations period. *Lukovsky v. City & Cty. of San Francisco*, 535 F.3d 1044, 1051 (9th Cir. 2008). This is not the case here. By October 16, 2013, Plaintiff was aware that defendants had used excessive force on him and conducted an unlawful search and seizure, as evidenced by the tort claim he filed on that date. Even if the limitations period were equitably tolled until October 16, 2013, it would have expired on October 16, 2015, nearly three years prior to the filing of this case, still leaving plaintiff's unlawful search and seizure action untimely.[11]

---

[10] Plaintiff also argues that he is entitled to equitable tolling because he has no other remedy. The statute of limitations is not discretionary, and the Court may not consider an untimely claim simply because plaintiff has been unable to obtain relief via other avenues.

[11] Plaintiff's reasons for waiting to file his action are unsupported by the record or have no basis in law. Though plaintiff claims to have demonstrated diligence in pursuing his claims, he did not file this action until over four years after his conviction was vacated in 2014. Though plaintiff claims that his incarceration prevented him from knowing of, and filing, his claim prior to 2018, plaintiff was incarcerated when he filed the present case. Finally, the Court is unaware of any requirements regarding supporting documentation to file a Section 1983 action, or of any provision in the PLRA that requires a plaintiff to be released from prison prior to filing suit. To the extent that the delay is attributable to plaintiff's ignorance of the law, this does not entitle him to equitable tolling. *See, e.g., Doss v. Rim*, No. CV 10-7134-VBF RNB, 2012 WL 3782524, at *7 (C.D. Cal. June 20, 2012), *report and recommendation adopted*, No. CV 10-7134-VBF RNB, 2012 WL 3782453 (C.D. Cal. Aug. 31, 2012), *aff'd sub nom. Doss v. City of Long Beach*, 559 F. App'x 636 (9th Cir. 2014) (ignorance of the law does not entitle *pro se* plaintiff to equitable tolling) (collecting cases).

In an abundance of caution, the Court notes that the record indicates that there is an additional potential ground for seeking equitable tolling. At the time that plaintiff filed his tort claim, October 16, 2013, plaintiff was unaware of the identities of the SJPD officers who had used excessive force. RJN, Ex. D. However, the availability of equitable tolling turns on whether the plaintiff was aware of the existence of a possible claim, not on whether the plaintiff has identified the defendants. Plaintiffs have the option of bringing suit against Doe defendants. *See, e.g., Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 807 (Cal. 2005) (delayed discovery exception to claim accrual rule postpones accrual of a cause of action until plaintiff discovers, or has reason to discover, the cause of action; delayed discovery rule does not apply where plaintiff is uncertain about defendant's identity because identity of defendant is not element of cause of action). Moreover, even if plaintiff were entitled to equitable tolling based on his inability to ascertain the defendants' identities, this would not render his claim timely. Plaintiff was aware of the officers' identities by September 2, 2014, when he identified them in his renewed motion to suppress. *See*

In summary, liberally construing the complaint and making all reasonable inferences in plaintiff's favor, his unlawful search and seizure claim is untimely. Statutory tolling pursuant to Cal. Gov't Code § 945.3 entitles the plaintiff to, at most, tolling of the limitations period from August 7, 2012 to September 14, 2012. Statutory tolling pursuant to Cal. Civ. Proc. Code § 352.1(a) entitles the plaintiff to, at most, tolling of the limitations period from August 7, 2012 to August 7, 2014. Equitable tolling for delayed discovery entitles the plaintiff to, at most, tolling of the limitations period through September 2, 2015. The statute of limitations expired, at the latest, on September 2, 2017, a year before the instant action was filed. Plaintiff's unlawful search and seizure claim is therefore barred by the statute of limitations.

### 2. Excessive Force Claim

The Court finds that plaintiff's excessive force claim accrued on October 8, 2014, when the state court dismissed the underlying action. *Rodriguez*, 535 F. App'x at 644–45. Success on plaintiff's excessive force claim implies the invalidity of his Cal. Penal Code § 148(a)(1) conviction. Under *Heck*, plaintiff's excessive force claim therefore could not be brought until October 8, 2014, when the state court dismissed the underlying action. Plaintiff is therefore entitled to delayed accrual for his excessive force claim until October 8, 2014. The limitations period began to run on October 8, 2014 and expired on October 8, 2016, almost two years before he filed the instant action. Plaintiff's excessive force claim is untimely unless statutory tolling or equitable tolling rendered the claim timely.

For the purposes of this motion, the Court presumes that plaintiff is entitled to statutory tolling pursuant to Cal. Gov't Code § 945.3 and Cal. Civ. Proc. Code § 352.1(a), and equitable tolling for delayed discovery of the defendants' identities. As discussed *supra*, statutory tolling pursuant to Cal. Gov't Code § 945.3 entitles the plaintiff to, at most, tolling of the limitations period from August 7, 2012 to September 14, 2012, and statutory tolling pursuant to Cal. Civ. Proc. Code § 352.1(a) entitles the plaintiff to, at most, tolling of the limitations period from

---

Dkt. No. 1 at 5-25. Even if plaintiff were entitled to the one-year equitable tolling of the limitations period for delayed discovery of the defendants' identities, this would only toll the limitations period until September 2, 2015, and the limitations period would expire two years later on September 2, 2017, a year before the instant action was filed.

12

August 7, 2012 to August 7, 2014.  Equitable tolling for delayed discovery would toll the limitations period until September 2, 2015.  The limitations period for the excessive force claim would be tolled, at the latest, until September 2, 2015, and the limitations period would have expired on September 2, 2017, a year before the instant action was filed.  In summary, liberally construing the complaint and making all reasonable inferences in favor of plaintiff, plaintiff's excessive force claim remains untimely.

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motion to dismiss the action as time-barred.  The Clerk shall enter judgment in favor of defendants and against plaintiff.

This order terminates Dkt. No. 18.

**IT IS SO ORDERED.**

Dated: 1/15/2020

HAYWOOD S. GILLIAM, JR.
United States District Judge